IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALVIN L. EVANS, #23736-056        *
     Petitioner,
  vs.                                  *   Civil Action No. DKC-10-2252

J. F. CARAWAY, WARDEN              *
     Respondent.
                                  ***

**MEMORANDUM OPINION**

Pending is Alvin L. Evans' Petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, challenging a decision by the Bureau of Prisons ("BOP") to recommend that he be given a five- to six-month placement in a Residential Re-Entry Center ("RRC"), rather than the maximum twelve-month period set out under the Second Chance Act or 18 U.S.C. § 3624(c). He argues that his "extraordinary" circumstances[1] make him eligible for the Second Chance Act, which would make him eligible for a maximum of 12-months RRC placement. He asks to be reevaluated and seeks the maximum allowable period of confinement in the RRC and "all other benefits" contemplated by the Second Chance Act. ECF No. 1.

Counsel for Respondent has filed a Motion to Dismiss or for Summary Judgment on November 1, 2010, which remains unopposed as of the within signature date.[2] ECF No. 3. After examination of the papers, record, and applicable law, the court determines that a hearing is not necessary. *See* Local Rule 105.6 (Md. 2010). For reasons to follow Respondent's Motion to

---

[1] Petitioner argues that he has worked steadily while incarcerated, has not engendered any serious institutional adjustments, has the support of family, and has available RRC facilities in the area where he will be released. ECF No. 1 at 7. He affirms that the BOP has misinterpreted or failed to consider his criminal, drug-use, work, and psychological history when determining his eligibility. *Id*. at 8-13.

[2] On November 2, 2010, Petitioner was notified of Respondent's dispositive filing. ECF No. 4. On or about November 3, 2010, Petitioner filed a letter with the court inquiring into the status of his case, stating that he had not received documents from Respondent. Although the papers may have crossed in the mail, the court re-served Respondent's filing and the court's notification on Petitioner and granted him additional time to January 21, 2011, to file a response. ECF No. 6.

Dismiss or for Summary Judgment, construed as a motion for summary judgment, shall be granted and the Petition shall be denied.

## BACKGROUND

Petitioner, who is self represented in this matter, filed this action while confined at the Federal Correctional Institution in Cumberland, Maryland, where he is serving a 120-month sentence for drug possession and distribution of crack cocaine imposed in 2004. Petitioner challenges the BOP's decision to recommend him to a RCC for five to six months rather than the twelve months that is permitted by statute.

## ANALYSIS

The Second Chance Act of 2007 permits eligible inmates to spend a portion of the final twelve months of their sentence in a community correctional facility, also known as a halfway house or RCC. The statute provides in relevant part:

> (1) In general. The Director of the Bureau of Prisons shall, *to the extent practicable*, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions *may* include a community correctional facility.

18 U.S.C. § 3624(c) (emphasis added).

The statute does not guarantee an inmate a one-year RRC placement for any portion of his or her sentence, but only directs the BOP consider placing an inmate in a RRC for up to the final twelve months of sentence. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *see also Lovett v. Hogsten,* 2009 WL 5851205 (6th Cir. Dec. 29, 2009) (unpub.); *Travers v. Federal Bureau of Prisons,* 2009 WL 4508585 (D. N.J. Nov. 30, 2009) (Hillman, J.) (finding that "... nothing in the Second Chance Act entitles Petitioner to a halfway house placement longer than

2

the 120-150 days already approved. These pre-release placement decisions are committed, by statute, to the discretion of the Director of the Bureau of Prisons, whose exercise of discretion is to be guided by the enumerated considerations."); *Creager v. Chapman,* 2010 WL 1062610 (N.D. Tex. Mar. 22, 2010) (holding that although Petitioner disagrees with her RRC placement date after consideration of the § 3621(b) factors, this "does not establish a constitutional violation, as nothing in the Second Chance Act or § 3621(b) entitles [Petitioner] or any other prisoner to any guaranteed placement in a residential reentry center[ ]" and " 'the duration of [RRC] placement is a matter to which the [BOP] retains discretionary authority.'" (citations and quotation omitted)); *Chaides v. Rios,* 2010 WL 935610 (E.D. Cal. Mar. 15, 2010) ("In sum, the BOP has discretionary authority to transfer an inmate to a RRC at any time, after considering the factors set forth in 18 U.S.C. § 3621(b), and has a separate and distinct obligation to consider an inmate for transfer to a RRC for up to twelve months prior to the inmate's release date, after considering the factors set forth in section 3621(b))." (citation omitted)). The plain language of the statute makes clear that placement in a RRC is discretionary and not mandatory. The statute is also clear that the twelve-month RRC placement is a maximum, not a mandatory, term.[3]

To determine the appropriate length and place of pre-release custody, the BOP is required to consider placement "on an individual basis" and "in a manner consistent with [18 U.S.C. § 3621(b) ]," which sets forth five factors that the BOP must consider in determining a prisoner's place of imprisonment. *See* 18 U.S.C. § 3624(c)(6)(A) & (B); 28 C.F.R. § 570.22. The factors

---

[3] The undersigned, along with two members of this bench have previously noted the twelve month period is a statutory maximum. *See Miller v. Warden*, 2010 WL 3749389 (D. Md. 2010); *see also Wright v. Warden, FCI-Cumberland*, 2010 WL 1258181 (D. Md. 2010); *Willis v. Warden*, 2010 WL 1137570 (D. Md. 2010).

are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b).

Review of the verified exhibits provided by Respondent show that Petitioner received individualized assessment for RRC placement using the factors listed at 18 U.S.C. § 3621(b). The record shows that Petitioner's Unit Team convened and reviewed his eligibility for RRC placement. The Team noted that: Petitioner had a moderate sentence of ten years followed by five years of supervised release; a community corrections facility was available in Fayettville, North Carolina (Petitioner's release area); there was nothing specific in the nature and circumstances of his offense to make him ineligible or preclude his placement in an RRC; Petitioner did have an established residence to be released to, had earned his GED, had completed several employment related courses while confined, had previously possessed a commercial driver's license, and had demonstrated good work performance while at FCI-Cumberland; there were no prohibitions from the sentencing court that prohibited RRC placement; and there was no pertinent policy by the U.S. Sentencing Commission that would preclude RRC placement. The Team recommended a 150- to 180-day placement in a RRC located in Fayetteville, North Carolina commencing on or about February 4, 2011. ECF No. 3 at Ex. 1, Long Decl., Attachment B. The recommendation was processed and received final approval by the Acting Warden on March 8, 2010. While Petitioner might disagree with the Unit

Team's recommendation, there is neither a factual nor legal basis to warrant relief from that discretionary determination.[4]

## CONCLUSION

The court determines that Respondent is entitled to judgment as a matter of law. His dispositive motion, construed as a Motion for Summary Judgment, shall be granted. Habeas corpus relief shall be denied by separate order.

Date:   January 25, 2011                              /s/
                                                DEBORAH K. CHASANOW
                                                United States District Judge

---

[4] An inmate has no constitutional right to be confined to a particular institution, *Meachum v. Fano*, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983). Petitioner identifies no protected liberty interest in being placed in a RRC prior to his release, and the decision whether to make such placement is a matter of prison management within the knowledge and expertise of BOP officials; thus, this Court will not intervene unless a clear constitutional violation has occurred.